IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00784-PAB-NRN

HOWARD COHAN,

    Plaintiff,

v.

AURORA HOSPITALITY, LLC,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Docket No. 22-1]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff, a resident of Palm Beach County, Florida, is a regular traveler to the Denver area, making three to four trips each year to visit friends and shop. Docket No. 16 at 1-2, ¶¶ 3, 11. Plaintiff made trips to Denver in March 2019 and May 2019. *Id.* at

---

[1] Defendant attacks the sufficiency of plaintiff's allegations and whether, given those allegations, plaintiff has standing. Docket No. 22-1 at 1. That is, defendant does not question whether plaintiff's allegations are true. As a result, defendant makes a facial attack to plaintiff's standing. *Holt v. United States*, 46 F.3d 1000, 1002-03 (reasoning that "a facial attack . . . as to subject matter jurisdiction questions the sufficiency of the complaint," whereas a factual attack "challenge[s] the facts upon which subject matter jurisdiction depends"). Because this is a facial attack, the Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss.

2-3, ¶¶ 11, 16. At the time of the complaint, plaintiff had plans to return to Denver in September 2019. *Id.* at 2-3, ¶ 11. Plaintiff has "numerous disabilities," which "substantially limit [p]laintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work." *Id.*, ¶ 7. As a result, he "requires occasional use of mobility aids to assist his movement." *Id.*, ¶ 10. Before choosing to stay at a hotel, plaintiff will visit to ensure that "he can access the [hotel] in a manner equal to non-disabled individuals." *Id.* at 3, ¶ 15. He must do so because, "while many hotels offer the option of booking accessible rooms, there is no indication that the rest of the hotel will be accessible." *Id.*, ¶ 14. He also acts as a "tester" to assess compliance of various places of public accommodation with the American with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). *Id.*, ¶ 19.

Plaintiff visited the Embassy Suites Stapleton ("hotel"), which is owned or operated by defendant, on March 9, 2018. *Id.*, at 2-3, ¶¶ 5, 16. During this visit, plaintiff "personally encountered architectural barriers" at the hotel. *Id.* at 5, ¶ 28. He encountered barriers in the restroom, lounge, food service area, and parking lot. *Id.* at 5-6, ¶ 28. For each barrier encountered, plaintiff identifies a specific regulation of which that barrier is in violation. *Id.* Because plaintiff encountered numerous barriers at the hotel during his visit, plaintiff was "deterred from staying" at the hotel. *Id.* at 3, ¶ 17. Plaintiff is a customer of the hotel brand and "would return" to the hotel if the barriers were removed. *Id.*, ¶ 18.

Plaintiff filed suit on March 16, 2019 and filed an amended complaint on June 13, 2019. Docket Nos. 1, 16. Plaintiff alleges various violations of the ADA and

requests that the Court: (1) declare the hotel in violation of the ADA and the ADA Accessibility Guidelines; (2) require the hotel to come into compliance with the ADA; and (3) award attorney fees. Docket No. 16, at 7-8, ¶¶ A-F.

Defendant filed its motion to dismiss the amended complaint on July 3, 2019. Docket No. 22-1. Defendant contends that the Court lacks subject matter jurisdiction because plaintiff does not have standing to bring this suit. *Id.* at 2-3. The thrust of defendant's argument is that plaintiff cannot satisfy the "injury in fact" requirement to standing because plaintiff does not have an intent to return to the hotel. *Id.* at 3. Defendant also asks the Court to take judicial notice of several facts, most importantly, the distance between the hotel and plaintiff's residence based on a computation done through Google maps. *See* Docket No. 22-3. Plaintiff counters that his expressed intent to return to the hotel, assuming the barriers are removed, satisfies the injury in fact requirement. Docket No. 24 at 7.

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When there is a facial attack, as there is here, the Court "must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002.

### III. ANALYSIS

Defendant asserts that the Court lacks subject matter jurisdiction because plaintiff does not have standing. Docket No. 22-1 at 2-3. Specifically, defendant contends that plaintiff cannot satisfy the injury in fact requirement to standing. *Id.* The other two elements of standing, causality and redressability, are not contested. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (listing the elements of standing).

For the Court to have subject matter jurisdiction, plaintiff must have standing. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) ("Our court has repeatedly characterized standing as an element fo subject matter jurisdiction."). Article III of the Constitution vests the judicial branch with jurisdiction to hear "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. An essential part of the case-and-controversy requirement is the standing doctrine, which "serves to identify

4

those disputes which are appropriately resolved through the judicial process."

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).  To have standing,

> [f]irst, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (citations, quotations, and alterations omitted).

When a plaintiff seeks prospective relief, such as an injunction, "the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future" to establish injury in fact.  *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (quoting *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004)).  In an ADA case, a plaintiff must have an intention to return to or use the allegedly non-complying premises to satisfy injury in fact.  *Id.* at 1211-12.

Defendant cites a four-factor test endorsed by several other courts in the District of Colorado as the operative test for determining whether plaintiff has satisfied injury in fact as demonstrated by an intention to return.  *See* Docket No. 22-1 at 3; *see also Brito v. Holland & Williams Real Estate, LLC*, No. 18-cv-00363-RM-NYW, 2018 WL 3159766, at *3 (D. Colo. June 28, 2018); *Brito v. JP Antlers LLC*, No. 17-cv-01956-CMA-NYW, 2018 WL 317464, at *4 (D. Colo. Jan 8, 2018); *Brito v. DHCS Assocs., LLC*, No. 17-cv-01651-STV, 2017 WL 6405808, at *5 (D. Colo. Dec. 15, 2017); *Brito v. Big Lots Stores,*

5

*Inc.*, No. 17-cv-02052-CMA-KMT, 2017 WL 5665057, at * 3 (D. Colo. Nov. 27, 2017). The Tenth Circuit, however, has not utilized this test. *See Colorado Cross*, 765 F.3d at 1211; *Tandy*, 380 F.3d at 1283-84. The Court, however, finds that plaintiff has standing no matter which test the Court uses.

Defendant's four-factor test asks the Court to consider: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *Big Lot Stores*, 2017 WL 5665057, at * 3.

The relevant facts are as follows. First, plaintiff is a resident of Florida, and the hotel is located in Colorado. Docket No. 16 at 1-2, ¶¶ 3-5. While defendant asks that the Court take judicial notice of the distance between plaintiff's residence and the hotel based upon a Google Maps, Docket No. 22-3, such judicial notice is unnecessary as it is undisputed that plaintiff's residence is not in close proximity to the hotel. Second, plaintiff has visited the hotel only once and did not stay at the hotel when he did visit. Docket No. 16 at 3, ¶¶16-17. Third, while plaintiff did not stay at the hotel when he visited, he would return to the hotel if the barriers were removed. *Id.*, ¶ 18. Fourth, plaintiff visits the Denver area three or four times each year. *Id.* at 2, ¶ 11.

On balance, the four factors weigh in favor of plaintiff having standing. First, the Court analyzes the proximity of plaintiff's residence to the hotel. *Big Lot Stores*, 2017 WL 5665057, at *3. Although plaintiff's residence is not in close proximity to the hotel, in a case like this one, proximity is not, by itself, a helpful metric. "Given that the public

6

accommodation in this case is a hotel which is almost always used only when one is far away from his residence, the first factor should be judged carefully." *Norkunas v. HPT Cambridge LLC*, 969 F. Supp. 2d 184, 192 (D. Mass. 2013). The Court agrees with the parties that this factor is not particularly helpful and is, "on balance," neutral. Docket No. 22-1 at 4.

Second, as to plaintiff's past patronage, *Big Lot Stores*, 2017 WL 5665057, at *3, while plaintiff only visited the hotel once, plaintiff is not required to visit an out-of-compliance hotel more than once to have standing. *See Colorado Cross*, 765 F.3d at 1208-13 (finding no standing issue with a plaintiff who only visited an allegedly out-of-compliance store once before filing suit); *Tandy*, 380 F.3d at 1284-89 (holding that several plaintiffs who rode the Wichita bus system once could have standing). Given that the ADA does not require that disabled persons "engage in a futile gesture if such person has actual notice that" a covered property "does not intend to comply with its provisions," it would make little sense to require plaintiff to visit the hotel more than once just to satisfy the requirements of standing. *See* 42 U.S.C. § 12188(a)(1). Thus, defendant's argument that plaintiff's single visit is insufficient to satisfy standing is unpersuasive.

Defendant additionally argues that plaintiff's single visit was only to act as a tester and, thus, even if this single visit is sufficient in other contexts, it is insufficient here. Docket No. 22-1 at 3-5. However, the Tenth Circuit has explicitly held that "testers" – those who visit places of public accommodation to "test" whether they are in compliance with the ADA – have standing under both Title II, *Colorado Cross*, 765 F.3d

7

at 1211, and Title III of the ADA, as long as the tester can satisfy the other elements of standing. *Tandy*, 380 F.3d at 1286-88. As a result, plaintiff's alleged desire to visit "for no other reason than to form the basis for an ADA lawsuit," Docket No. 22-1 at 5, is immaterial. Thus, the second factor weighs in favor of plaintiff.

The third factor looks to the definitiveness of plaintiff's plan to return to the hotel. *Big Lot Stores*, 2017 WL 5665057, at *3. Injury in fact "must be supported with . . . the manner and degree of evidence required at the [pertinent], successive stages of litigation." *Lujan*, 504 U.S. at 561. At the time of the complaint, which is the time at which the Court analyzes standing, *Tandy*, 380 F.3d at 1284 (citation omitted), plaintiff alleged that he planned to return to the hotel in September 2019 and would so return if the barriers were removed. Docket No. at 16 at 3, ¶ 18. "These statements setting forth a specific timeframe suggest an actual and present plan to return to the premises." *Big Lot Stores*, 2017 WL 5665057, at *4. At this stage in the litigation, this is sufficient. Therefore, the third factor weighs in plaintiff's favor.

Fourth, the Court analyzes the frequency of travel near the hotel. *Big Lot Stores*, 2017 WL 5665057, at *3. Plaintiff's allegations that he visits the Denver area three or four times each year, Docket No. 16 at 2, ¶ 11, are sufficient at this stage in the litigation. *See Tandy*, 380 F.3d at 1284-88 (reasoning that several plaintiffs' intentions to use the Wichita bus system "several times per year" was sufficient to establish injury in fact). The fourth factor thus weighs in plaintiff's favor. The Court therefore finds that, under defendant's test, plaintiff has standing.

The Tenth Circuit has not endorsed defendant's test. Rather, the Tenth Circuit uses a more straightforward application of Supreme Court precedent, analyzing whether a plaintiff actually intends to use or utilize the complained of public accommodation. *See Colorado Cross*, 765 F.3d at 1211-12; *Tandy*, 380 F.3d at 1284-88.

For example, an intention to use a bus system several times a year, after testing it once, is sufficient to grant standing. *See Tandy*, 380 F.3d at 1284-88. In *Tandy*, a group of testers, most of whom did not live in the Wichita area, all attempted to ride the Wichita bus system. 380 F.3d at 1280. The plaintiffs encountered numerous barriers to access, including broken wheel chair lifts, a lack of braille schedules and directories, and a non-functioning Telecommunications Device for the Deaf. *Id.* at 1281-83. Even though most of the plaintiffs did not live in the area, and only utilized the bus system for test purposes, the *Tandy* court reasoned that "an intent to use buses 'several times per year' suggests a concrete, *present* plan" to use the bus system. *Id.* at 1284.

In a similar vein, an intention to return to a store in a mall "at least six times per year" is sufficient for injury in fact. *Colorado Cross*, 765 F.3d at 1211-12. The *Colorado Cross* court reasoned that the plaintiff's intentions mimicked the intentions in *Tandy* to use the bus system several times each year. *Id.* It made no difference to the court that the particular mall complained of was not "the closest" to the plaintiff's home. *Id.* at 1212.

Here, plaintiff alleges that he travels to Denver three to four times each year and would return to the hotel if the barriers were removed. Docket No. 16 at 2-3, ¶¶ 11, 18. This is similar, though not analogous, to the claims in *Tandy* and *Colorado Cross* where

9

the plaintiffs intended to return to the violating public accommodations several times each year, even though none of the accommodation were particularly close to the plaintiffs' residences. See *Colorado Cross*, 765 F.3d at 1211-12; *Tandy*, 380 F.3d at 1284-88. The difference is that plaintiff states that he *would* return *if* the barriers are removed, which is conclusive as to his intention, but not as conclusive as the plaintiffs' intentions in *Tandy* and *Colorado Cross*, given that those plaintiffs stated that they would return regardless of the compliance status of the public accommodations at issue. However, the ADA does not require plaintiff to make a "futile gesture," 42 U.S.C. § 12188(a)(1), and, as a result, he is not required to express an intent to return to a non-complying hotel. See *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) ("So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues."). The Court therefore finds that plaintiff satisfies the injury in fact requirement to standing.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Docket No. 22-1] is **DENIED**.

DATED March 20, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge